**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL CLYNES, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HEBRON TECHNOLOGY CO., LTD., ANYUAN SUN, and CHANGJUAN LIANG, <br><br> Defendants. | Case No. 1:20-cv-04420-PAE |
| EDWARD A. DAHLKE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HEBRON TECHNOLOGY CO., LTD., ANYUAN SUN, and CHANGJUAN LIANG, <br><br> Defendants. | Case No. 1:20-cv-04746-PAE |

**PLAINTIFF AND LEAD PLAINTIFF MOVANT MICHAEL CLYNES' MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF EDWARD A. DAHLKE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Plaintiff Michael Clynes ("Clynes") submits this memorandum of law in support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 9), and in opposition to the Edward A. Dahlke's ("Dahlke") motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 5).[1]

## I.      INTRODUCTION

Clynes and Dahlke filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Dkt. Nos. 5, 9.

With respect to the lead plaintiff determination, the question presently before the Court is which of these two movants is the "most adequate plaintiff"—i.e., the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, inter alia, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Clynes' memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 9) and loss chart (Dkt. No. 11-2), Clynes has the largest financial

---

[1] Neither movant opposes consolidation. As such, only appointment of lead plaintiff and approval of lead counsel are addressed herein.

interest in the relief sought by the class[2] and satisfies the requirements of Rule 23. As such, Clynes is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Clynes is the presumptively most adequate plaintiff, and the presumption cannot be rebutted, Clynes should be appointed as lead plaintiff, and his selection of counsel should be approved.[3]

## II.    ARGUMENT

### A.    The PSLRA-Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA directs the court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," *i.e.*, the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the movant or group of movants that "has either filed the complaint or made a motion," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

---

[2] Clynes' financial interest, as measured by his last-in-first-out ("LIFO") loss, is approximately $15,106. *See* Dkt. No. 11-2.

[3] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

### B.      Clynes is the Presumptively Most Adequate Plaintiff

Clynes satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Clynes filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 9; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa). Second, Clynes satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 10 at 7-8; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Clynes has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008). Of these factors, losses suffered is the most important. *See id.* at 437. Most courts agree that the preferred method to calculate financial losses requires Class Period sales to be matched to purchases on a last-in-first-out ("LIFO") basis. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-102 (S.D.N.Y. 2005). Indeed, LIFO is the preferred accounting method because it "has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *Id*. at 101.

Here, every factor weighs in in favor of the determination that Clynes has the largest financial interest in the relief sought by the class:[4]

---

[4] The data included in the chart is derived from the movants' respective loss charts (Dkt. No. 8-1; Dkt. No. 11-2).

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | Net Loss (LIFO) |
|---|---|---|---|---|
| Michael Clynes | 2,802 | 2,802 | $51,630 | $15,106 |
| Edward A. Dahlke | 500 | 500 | $11,222 | $5,332 |

Clynes purchased more shares (both gross and net) during the Class Period than Dahlke. Clynes also expended more funds and suffered a larger LIFO loss than Dahlke. As such, Clynes has the largest financial interest in the relief sought by the class.

Since Dahlke has the largest financial interest in the relief sought by the class, filed a timely motion, and satisfies the requirements of Rule 23, he is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

### C. The Presumption That Clynes the Most Adequate Plaintiff Has Not Been Rebutted, and Cannot Be, Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Such proof requires more than mere "speculation." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011). "[C]onclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the movant] would be uniquely subject." *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324–25 (S.D.N.Y. 2004); *see also Murphy v. JBS S.A.*, No. 17-cv-3084, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017) ("Conclusory assertions and mere speculation will not suffice.").

No such proof has been—or can be—presented that Clynes would be inadequate or subject to unique defenses. As such, Clynes should be appointed as lead plaintiff, and no other

4

movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

Counsel for Dahlke, however, has indicated that they intend to argue that Clynes is inadequate, atypical, or otherwise subject to unique defenses because Clynes purchased his shares on the last day of the class period—June 3, 2020—the same day that some of the corrective information was hitting the market. Such an argument would be meritless for multiple reasons.

First, Dahlke is not permitted under the PSLRA to *post hoc* shorten the class period to end at some specified time on June 3, 2020, at the lead plaintiff stage of the litigation, because it happens to suit him. Even when there is disagreement among applicants over what class period applies, courts opt for the longer, most inclusive, class period. *See Hom v. Vale, S.A.*, No. 15-cv-9539, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) ("A number of courts in this district have found it appropriate to rely on the more inclusive class for determining lead plaintiff because 'it encompasses more potential class members.'") (collecting cases); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("For the purposes of this analysis, we use the longer class period.").

Moreover, there is no good faith disagreement here between the parties regarding the proper class period. Clynes filed this action with a class period of "April 24, 2020 [to] June 3, 2020, inclusive." Dkt. No. 1 ¶ 1. Dahlke filed a complaint with an identical class period: "April 24, 2020 [to] June 3, 2020, **both dates inclusive**." *Dahlke v. Hebron*, 1:20-cv-04746, Dkt. No. 1 ¶ 1 (emphasis added). Dahlke also alleged a stock price decline on June 4, 2020, which Dahlke claims investors that purchased late on June 3, 2020 should be compensated for. *Id.* at ¶¶ 4, 6. In his lead plaintiff motion and memorandum of law in support thereof, Dahlke explicitly seeks

5

appointment on behalf of investors that purchased on June 3, 2020. *See* Dkt. Nos. 5, 7.[5] Courts reject movants' attempts to modify even their loss calculation after their lead plaintiff motions are filed. *See, e.g., Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 277 (S.D.N.Y. 2015) (rejecting a "new proposed loss calculation model" in favor of the model that all movants "relied on in their moving papers"). To allow a movant to modify his own alleged class period after his motion is filed because it benefits him would be wholly unprecedented and unwarranted. If Dahlke attempts such an argument here, the Court should reject it.

Second, Clynes purchased 1,500 shares before Grizzly Research publicly published its presentation on June 3, 2020—the first purported corrective disclosure in this action—negating any potential argument that he purchased only after the first corrective disclosure. Clynes placed an order for 1,500 shares of HEBT on June 3, 2020 at 6:38 a.m. Eastern time. *See* Declaration of Charles H. Linehan in Further Support of the Motion of Michael Clynes for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel ("Linehan Decl."), ¶2, Ex. A. The order was executed by Clynes' broker at 10:26 a.m. Eastern time for $19.98 per share. *Id.* The Grizzly Research presentation, however, was not publicly published until approximately 11:30 a.m. Eastern time. *See* Linehan Decl., ¶3, Ex. B. Even if the Court were to consider just this one purchase and not his others made the same day, Clynes' financial interest is still significantly larger than Dahlke's under all relevant factors:

---

[5] There is good reason to define the class period this way, even if some corrective information was released intraday on June 3, 2020, because corrective information takes time to be digested by the market. *See In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 378 (S.D.N.Y. 2000) ("[T]he class period ends when the full truth has been disclosed to the market and the natural market forces have had a reasonable period of time to receive, digest and reflect the bad news in the market price of the security.").

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | Net Loss (LIFO) |
|---|---|---|---|---|
| Michael Clynes | 1,500 | 1,500 | $29,835 | $10,282 |
| Edward A. Dahlke | 500 | 500 | $11,222 | $5,332 |

As such, even if this Court were to shorten the class period for purposes of the lead plaintiff determination (which would be improper), Clynes would remain the presumptively most adequate plaintiff.

Moreover, the fact that Clynes purchased shares both before and after publication of the Grizzly Research presentation makes Clynes more typical of the range of class members, and more adequate to represent their interests. *See Kinzler v. First NBC Bank Holding Co.*, No. 16-cv-4243, 2016 WL 4496764, at *2 (E.D. La. Aug. 26, 2016) ("[b]y virtue of being the only one of the two applicants for lead plaintiff to have acquired shares before and after" the initial corrective disclosure, movant "appears to be facing potential defenses that are more typical of those that may be raised against the broader class" and "[f]or this reason, the Court finds that the Rule 23 and its typicality requirement favors appointment" of the movant) (internal footnote omitted).

Third, and finally, this is not the proper stage of the litigation to resolve these types of factual disputes—especially when resolving the issue in Dahlke's favor may injure the claims of other class members, by eliminating them from the class. *See In re Lyft Sec. Litig.*, No. 19-cv-02690, 2020 WL 1043628, at *6 (N.D. Cal. Mar. 4, 2020) (rejecting the claim that a movant was atypical or inadequate based on his trading pattern when "[t]here likely are many class members" who traded similarly, and the issue was "highly fact-intensive," reasoning that "the Court is not aware of any case in which a court has tried to definitively resolve [the issue] at this stage of the proceedings").

Since the presumption that Clynes is the most adequate plaintiff has not been, and cannot be, rebutted, Clynes should be appointed as lead plaintiff.

### D.    Lead Plaintiff's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Clynes' selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved. *See Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel.").

Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 11-3 (Glancy Prongay & Murray LLP firm résumé). The firm has more than 20 years of experience successfully representing injured investors. *See id.* By approving Clynes' selection of counsel, the Court will ensure that the class receives the highest caliber of legal representation. Accordingly, Clynes' selection of lead counsel for the class should be approved. *See Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 266 (S.D.N.Y. 2019) ("Glancy Prongay & Murray LLP, is competent and experienced. Accordingly, this Court grants Glancy Prongay & Murray LLP's motion to be appointed lead counsel.").

## III.    CONCLUSION

For the foregoing reasons, Clynes respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the above-captioned actions; (2) appointing Michael Clynes as lead plaintiff; (3) approving Clynes' selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (4) denying the competing motion.

Respectfully submitted,

DATED: August 26, 2020          **GLANCY PRONGAY & MURRAY LLP**

By: ___/s/ Gregory B. Linkh_____
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff and Lead Plaintiff Movant
Michael Clynes, and Proposed Lead Counsel for
the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On August 26, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 26, 2020, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh