**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HEBRON TECHNOLOGY CO., LTD. SECURITIES LITIGATION | Case No. 20 Civ. 4420 (PAE) |

## <u>HEBRON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT</u>

Matthew Solum, P.C.
Matthew A. Tharp
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-6460
matthew.solum@kirkland.com
matt.tharp@kirkland.com

*Counsel for Hebron Technology Co., Ltd.*

Dated: March 19, 2021

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT.................................................................................................................................... 2

I.      PLAINTIFFS FAIL TO PLEAD ANY ACTIONABLE MISSTATEMENT
        OR OMISSION. .................................................................................................................. 2

        A.      Plaintiffs Fail to Plead Any Actionable Misstatement or Omission Related to
                the SPA. .................................................................................................................... 2

        B.      Plaintiffs Fail to Plead Any Actionable Misstatement or Omission Related to
                the Beijing Hengpu Transaction. ............................................................................. 4

        C.      Plaintiffs Fail to Plead Any Actionable Misstatement or Omission Related to
                the Nami Transaction.............................................................................................. 5

II.     PLAINTIFFS FAIL TO ALLEGE SCIENTER. ............................................................. 6

        A.      Plaintiffs' Allegations Do Not Establish Motive................................................... 6

        B.      The Allegations Do Not Establish Conscious Misbehavior and Recklessness....... 8

III.    PLAINTIFFS FAIL TO ALLEGE LOSS CAUSATION. ........................................... 10

IV.     PLAINTIFFS FAIL TO STATE A CLAIM UNDER SECTION 20(A).................... 10

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Elec. Pension Fund v. Asar*,
768 F. App'x 175 (5th Cir. 2019) ...................................................................................9

*AT&T Corp. v. Syniverse Techs., Inc.*,
No. 12 Civ. 1812 (NRB), 2014 WL 4412392 (S.D.N.Y. Sept. 8, 2014) ...................................2

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007).....................................................................................10

*Bd. of Trs. of City of Ft. Lauderdale Gen. Emps.' Ret. Sys. v. Mechel OAO*,
811 F. Supp. 2d 853, 868 (S.D.N.Y. 2011), *aff'd*, 475 F. App'x 353 (2d Cir.
2012) ................................................................................................................7

*Campo v. Sears Holding Corp.*,
635 F. Supp. 2d 323 (S.D.N.Y. 2009), *aff'd*, 371 F. App'x 212 (2d Cir. 2010).........................6

*Cent. States, Se. & Sw. Areas Pension Fund v. Fed. Home Loan Mortg. Corp.*,
543 F. App'x 72 (2d Cir. 2013) ....................................................................................10

*Chapman v. Mueller Water Prods., Inc.*,
466 F. Supp. 3d 382 (S.D.N.Y. 2020)...............................................................................9

*City of Brockton Ret. Sys. v. Avon Prods., Inc.*,
No. 11 Civ. 4665 (PGG), 2014 WL 4832321 (S.D.N.Y. Sept. 29, 2014) ...............................5

*City of Brockton Ret. Sys. v. Shaw Grp. Inc.*,
540 F. Supp. 2d 464 (S.D.N.Y. 2008)......................................................................1, 5, 8

*Cohen v. Kitov Pharm. Holdings, Ltd.*,
No. 17 Civ. 0917 (LGS), 2018 WL 1406619 (S.D.N.Y. Mar. 20, 2018) ...............................9

*DeBlasio v. Merrill Lynch & Co.*,
No. 07 Civ. 318 (RJS), 2009 WL 2242605 (S.D.N.Y. July 27, 2009) ...................................11

*Dobina v. Weatherford Int'l Ltd.*,
909 F. Supp. 2d 228 (S.D.N.Y. 2012)................................................................................7

*ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*,
553 F.3d 187 (2d Cir. 2009).........................................................................................4

*Emps' Ret. Sys. of Gov't of the V.I. v. Blanford*,
794 F.3d 297 (2d Cir. 2015)........................................................................................6

*Francisco v. Abengoa, S.A.*,
    481 F. Supp. 3d 179 (S.D.N.Y. 2020)..................................................................................6

*Grant v. Cnty. of Erie*,
    542 F. App'x 21 (2d Cir. 2013) ........................................................................................10

*Gregory v. ProNAi Therapeutics Inc.*,
    297 F. Supp. 3d 372 (S.D.N.Y. 2018)................................................................................6

*In re Bank of Am. AIG Disclosure Secs. Litig.*,
    980 F. Supp. 2d 564 (S.D.N.Y. 2013), *aff'd*, 566 F. App'x 93 (2d Cir. 2014).........................7

*In re China Mobile Games & Ent. Grp., Ltd Secs. Litig.*,
    No. 14 Civ. 4471 (KMW), 2016 WL 922711 (S.D.N.Y. Mar. 7, 2016)........................3, 4, 5, 7

*In re Dynagas LNG Partners LP Secs. Litig.*,
    No. 19 Civ. 4512 (AJN), 2020 WL 6947521 (S.D.N.Y. Nov. 25, 2020) ..................................4

*In re eSpeed, Inc. Secs. Litig.*,
    457 F. Supp. 2d 266 (S.D.N.Y. 2006)................................................................................7

*In re HEXO Corp. Secs. Litig.*,
    No. 19 Civ. 10965 (NRB), 2021 WL 878589 (S.D.N.Y. Mar. 8, 2021)....................................8

*In re Jumei Int'l Holding Ltd. Secs. Litig.*,
    No. 14 Civ. 9826, 2017 WL 95176 (S.D.N.Y. Jan. 10, 2017)...............................................10

*In re Lululemon Secs. Litig.*,
    14 F. Supp. 3d 553 (S.D.N.Y. 2014), *aff'd*, 604 F. App'x 62 (2d Cir. 2015)...........................6

*In re Omnicom Grp., Inc. Secs. Litig.*,
    597 F. 3d 501 (2d Cir. 2010)..........................................................................................10

*In re Rockwell Med., Inc. Secs. Litig.*,
    No. 16 Civ. 1691 (RJS), 2018 WL 1725553 (S.D.N.Y. Mar. 30, 2018) ..................................9

*In re Sanofi Secs. Litig.*,
    87 F. Supp. 3d 510, 549 (S.D.N.Y. 2015), *aff'd*, 816 F.3d 199 (2d Cir. 2016)......................11

*In re Turquoise Hill Res. Ltd. Secs. Litig.*,
    No. 13 Civ. 8846 (LGS), 2014 WL 7176187 (S.D.N.Y. Dec. 16, 2014) ..................................9

*Kalnit v. Eichler*,
    264 F.3d 131 (2d Cir. 2001)............................................................................................7

*Lewy v. SkyPeople Fruit Juice, Inc.*,
    No. 11 Civ. 2700 (PKC), 2012 WL 3957916 (S.D.N.Y. Sept. 10, 2012) .........................3, 4, 5

*Long Miao v. Fanhua, Inc.*,
　442 F. Supp. 3d 774 (S.D.N.Y. 2020)..................................................................................8

*Marcu v. Cheetah Mobile Inc.*,
　No. 18 Civ. 11184 (JMF), 2020 WL 4016645 (S.D.N.Y. July 16, 2020) .................................8

*Moore v. City of N.Y.*,
　No. 18 Civ. 496 (JPO), 2019 WL 2616195 (S.D.N.Y. June 26, 2019) ...................................10

*Plumbers & Pipefitters Loc. Union No. 630 Pension-Annuity Tr. Fund v. Arbitron
Inc.*,
　741 F. Supp. 2d 474 (S.D.N.Y. 2010)..................................................................................8

*Rombach v. Chang*,
　355 F.3d 164 (2d Cir. 2004)...............................................................................................5

*Slayton v. Am. Express Co.*,
　604 F.3d 758 (2d Cir. 2010)................................................................................................8

*Tabor v. Bodisen Biotech, Inc.*,
　579 F. Supp. 2d 438 (S.D.N.Y. 2008)...............................................................................4, 5

## PRELIMINARY STATEMENT[1]

Rather than substantively engage with the arguments made in Hebron's Memorandum of Law in Support of Its Motion to Dismiss, Plaintiffs' Opposition merely repeats the detail-deficient allegations of the SAC, while failing to address the numerous fatal flaws of those allegations— flaws that mandate dismissal. The Opposition fails to address the vast holes in the allegations of the SAC as to each of the alleged related party transactions. For example, Plaintiffs fail to explain how the Share Purchase Agreement between Hebron and Loong Fang (the "SPA") was an undisclosed related party transaction when the purported connection between Loong Fang and the alleged related party did not exist until *after* the SPA was entered into. With respect to the Beijing Hengpu transaction, Plaintiffs rely on irrelevant technicalities, as well as allegations that untranslated media articles supposedly "*reported*" an individual was employed in roles necessary to Plaintiffs' related party transaction allegations—rather than allegations that the individual actually held the requisite employment. Lastly, with respect to the Nami transaction, Plaintiffs rely on allegations made by anonymous individuals who departed their respective roles years prior to the allegations of the SAC. Plaintiffs do not address the bedrock law holding such allegations are insufficient to meet the stringent pleading standards of Rule 9(b) and the PSLRA.

As to scienter, Plaintiffs rely on an "amalgam of suggestions" that is simply insufficient to adequately allege a strong inference of scienter. *City of Brockton Ret. Sys. v. Shaw Grp. Inc.*, 540 F. Supp. 2d 464, 475 (S.D.N.Y. 2008). The Opposition does not respond to voluminous case law,

---

[1]    Abbreviations and defined terms carry the same meanings as set forth in Hebron's Memorandum of Law in Support of Its Motion to Dismiss the Second Amended Complaint (Dkt. 40). References to "Opp. __" refer to Plaintiffs' Memorandum of Law in Opposition to Hebron's Motion to Dismiss the Second Amended Complaint (Dkt. 41). References to "Mot. __" refer to Hebron's Memorandum of Law in Support of Its Motion to Dismiss the Second Amended Complaint (Dkt. 40). References to "SAC ¶ __" refer to the corresponding paragraph in the SAC (Dkt. 38). References to "Ex. __" refer to exhibits annexed to the Declaration of Matthew Tharp (Dkt. 36). Unless otherwise indicated, internal quotations and citations are omitted and emphasis is added.

Mot. at 21-25, that stands for the proposition that there is no inference of scienter, let alone a strong inference, without allegations, absent here, that any Individual Defendant received improper personal benefit.  Having failed to address these arguments, Plaintiffs concede them.  *See AT&T Corp. v. Syniverse Techs., Inc.*, No. 12 Civ. 1812 (NRB), 2014 WL 4412392, at *7 (S.D.N.Y. Sept. 8, 2014) (plaintiff's failure to address an issue in its opposition brief "concedes the point").

Lastly, Plaintiffs fail to explain how recharacterization of publicly available information establishes loss causation.  The SAC should be dismissed.

## ARGUMENT

### I. PLAINTIFFS FAIL TO PLEAD ANY ACTIONABLE MISSTATEMENT OR OMISSION.

Plaintiffs identify no actionable misstatement or omission concerning the three transactions.  Specifically, Plaintiffs fail to allege with the requisite specificity how any of the three transactions actually involved related parties.[2]  This failure mandates dismissal.[3]

### A. Plaintiffs Fail to Plead Any Actionable Misstatement or Omission Related to the SPA.

Plaintiffs argue that even though Shan Jiang played no role whatsoever at either Puhui Investment or Zhonghui at the time the SPA was entered into, the transaction is an undisclosed related party transaction because Shan Jiang subsequently assumed roles at those entities.  *See* Opp. at 18 n.11; *see also* SAC ¶¶ 36, 42.  The Opposition's arguments that Shan Jiang's roles at

---

[2]  Plaintiffs argue that the relevant related party standard is FASB ASC 850, not the definition of "related party" contained in Item 7.B of the Instructions for SEC Form 20-F.  Opp. at 14-16.  Regardless of the standard applied, Hebron appropriately disclosed all related party transactions.  Plaintiffs also fail to respond to, and thus concede, the argument that allegations of ineffective disclosure controls do not render statements about those disclosure controls misleading.  *See* Mot. at 12 n.11.

[3]  Repeating the threadbare allegations of the SAC, Plaintiffs argue that lead counsel worked with accountants and Chinese-speaking investigators to conduct its own investigation.  Opp. at 12.  But as already explained, Mot. at 10 n.10, the SAC merely rehashes the three alleged related party transactions discussed in the Grizzly report, with the post hoc addendum that its allegations are based on an investigation by Plaintiffs' counsel.

2

Puhui Investment and Zhonghui subsequently made the SPA a related party transaction do not change the fact that the SPA was indisputably not a related party transaction when it was entered into.[4]

Plaintiffs attempt to distinguish the cases cited by Hebron, but each of these cases is on point and compels dismissal of Plaintiffs' claims with regard to the SPA. *See* Opp. at 18 n.10, n.11. Plaintiffs argue *In re China Mobile Games & Ent. Grp., Ltd Secs. Litig.* ("*CMGE*"), No. 14 Civ. 4471 (KMW), 2016 WL 922711 (S.D.N.Y. Mar. 7, 2016) is distinguishable because "[u]nlike the facts in the present action, the plaintiff in [*CMGE*] failed to allege 'any facts' showing that the defendant 'continued to hold decision-making power over' the alleged related party." Opp. at 18 n.10. But just as in *CMGE*, Plaintiffs here fail to allege how Bodang Liu's alleged control over Puhui Investment and Zhonghui gave Bodang Liu control over Shan Jiang at the time of the SPA, simply because Shan Jiang became a supervisor at those entities ***after the SPA was entered into***.

Plaintiffs summarily argue that "the facts in" *Lewy v. SkyPeople Fruit Juice, Inc.*, No. 11 Civ. 2700 (PKC), 2012 WL 3957916, at *19 (S.D.N.Y. Sept. 10, 2012) "are distinct from the facts in this case," but could not be bothered to articulate ***how*** *SkyPeople* can be distinguished. Opp. at 18 n.11. Here, as in *SkyPeople*, Plaintiffs allege that a transaction that was not a related party transaction at the time it was agreed to should post hoc be redesignated as a related party transaction even though there was "no affiliation between the relevant directors and officers of [defendant] and the seller of [acquired company] at the time [the] . . . Acquisition was initially approved." *SkyPeople*, 2012 WL 3957916, at *19. The court in *SkyPeople* rejected that argument,

---

4    Moreover, the SAC's allegations subsequent to negotiation of the SPA are also insufficient to allege a related party transaction. *See* Mot. at 13-15.

and this Court should too.  And while Plaintiffs quibble with the fact that *SkyPeople* involved Item 404 of Regulation S-K, not at issue here, this does not change the import of *SkyPeople* here.[5]

Lastly, in *ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 200 (2d Cir. 2009), the Second Circuit affirmed dismissal of plaintiffs' securities fraud claims on scienter grounds where "[e]ven if there was a GAAP violation, . . . evidence [of fraudulent intent] is missing."  So too here.  *See infra* Section II.

## B.   Plaintiffs Fail to Plead Any Actionable Misstatement or Omission Related to the Beijing Hengpu Transaction.

Plaintiffs allege that Xiaoyun Huang had control over Beijing Hengpu because he was erroneously listed as Beijing Hengpu's legal representative as a consequence of governmental regulatory policies that temporarily prohibited Beijing Hengpu from changing its registration information.  *See* Opp. at 19 n.13 (citing SAC ¶ 55).  Yet, as already explained, allegations of control cannot rely on mistakes or technicalities.  *See* Mot. at 16 (citing *CMGE*, 2016 WL 922711, at \*5; *Tabor v. Bodisen Biotech, Inc.*, 579 F. Supp. 2d 438, 450-51 (S.D.N.Y. 2008)).  Strikingly, Plaintiffs ***do not dispute*** that Huang's listing as Beijing Hengpu's legal representative was a temporary technicality.  Rather, in an abrupt about-face, the Opposition states that the SAC does not allege that Huang actually ***had*** roles at certain alleged related parties but rather only "that Huang ***was reported to have these titles***."  Opp. at 19 n.14 (emphasis original).  This newfound argument is insufficient as a matter of law.  Absent an allegation that Huang actually had these roles, there is no allegation that the Beijing Hengpu transaction involved a related party.[6]

---

[5]   Because it is a foreign private issuer, Hebron is exempt from certain SEC rules and regulations, including Regulation S-K.  *See In re Dynagas LNG Partners LP Secs. Litig.*, No. 19 Civ. 4512 (AJN), 2020 WL 6947521, at \*9 (S.D.N.Y. Nov. 25, 2020) ("[A]s multiple courts in this Circuit have found, foreign private issuers are not subject to SEC Regulation S-K.").

[6]   The SAC alleges Huang is an "intermediary" between Beijing Hengpu and Bodang Liu solely by way of the roles allegedly mentioned in the news articles.  (*See* SAC ¶¶ 56-58.)  This allegation fails because the articles are untranslated, and thus do "not reveal the identity or position of the person who provided the information,"

As to Peng Jiang, the Opposition repeats the cursory allegations of the SAC, without citing any case law in support of its arguments.  As previously explained, the mere allegation that Peng Jiang was Vice President of NiSun Shanghai and a legal representative of Shanghai Fintech is insufficient, without more, to allege an undisclosed related party transaction.  *See* Mot. at 17 (citing *CMGE*, 2016 WL 922711, at \*5; *Tabor*, 579 F. Supp. 2d at 450-51; *SkyPeople*, 2012 WL 3957916, at \*18).  The Opposition attempts to distinguish *CMGE* on the basis that "in that case, unlike here, the complaint neither explained the relationship between parties nor described any facts showing decision-making power over a company."  Opp. at 21 n.15.  But here, as in *CMGE*, Plaintiffs do not adequately allege that Peng Jiang controlled Beijing Hengpu, nor do they allege how Peng Jiang's alleged roles at NiSun Shanghai and Shanghai Fintech resulted in Bodang Liu controlling Peng Jiang.  Plaintiffs could not be bothered to explain in the Opposition how *Tabor* and *SkyPeople* do not also compel dismissal here.  *See Tabor*, 579 F. Supp. 2d at 450-51 (dismissing fraud claims where plaintiffs failed to allege purported related party "controlled or significantly influenced the management or operating procedures of" defendant); *SkyPeople*, 2012 WL 3957916, at \*18 ("[P]laintiffs do not plead with particularity sufficient facts to support the belief that CEO Xue and/or VP Yan secretly controlled [alleged related party] at all times.").

C.    **Plaintiffs Fail to Plead Any Actionable Misstatement or Omission Related to the Nami Transaction.**

For the reasons already discussed, Plaintiffs have failed to plead an actionable misstatement or omission related to the Nami transaction.  *See* Mot. at 18-20.  The Opposition

---

meaning "it is impossible to evaluate [their] reliability."  *City of Brockton Ret. Sys. v. Avon Prods., Inc.*, No. 11 Civ. 4665 (PGG), 2014 WL 4832321, at \*28 (S.D.N.Y. Sept. 29, 2014).  Plaintiffs take issue with the fact that *City of Brockton* references unsourced articles in the context of scienter analysis, but Rule 9(b)'s particularity requirements apply with equal force to the falsity element of a securities fraud claim.  Here, absent translated articles, Plaintiffs have failed to explain with any specificity "why the statements were fraudulent."  *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004).

5

states "the Second Circuit has stated that 'allegations concerning activity in one period can support an inference of similar circumstances in a subsequent period.'" Opp. at 21 n.16 (quoting *Emps'* *Ret. Sys. of Gov't of the V.I. v. Blanford*, 794 F.3d 297, 307 (2d Cir. 2015)). This is true. However, as Judge Ramos has more fully explained:

> "allegations concerning activity in one period can support an inference of similar circumstances in a subsequent period." *Emps.' Ret. Sys. v. Blanford*, 794 F.3d 297, 307 (2d Cir. 2015). However, courts have rejected confidential witness allegations where the confidential witnesses "left the company before the class period." *Campo v. Sears Holding Corp.*, 635 F. Supp. 2d 323, 335 (S.D.N.Y. 2009), *aff'd*, 371 F. App'x 212 (2d Cir. 2010).

*Francisco v. Abengoa, S.A.*, 481 F. Supp. 3d 179, 208 (S.D.N.Y. 2020). Here, the SAC specifically alleges that both CWs' employment ended well in advance of the class period—nearly two years earlier for CW 1 and over a year earlier for CW 2. (SAC ¶¶ 69, 70.) Thus, there is no basis to assume the truth of the CWs' allegations at the time of the Nami transaction. *See Abengoa, S.A.*, 481 F. Supp. 3d at 208; *Campo*, 635 F. Supp. 2d at 335; *In re Lululemon Secs. Litig.*, 14 F. Supp. 3d 553, 579 (S.D.N.Y. 2014), *aff'd*, 604 F. App'x 62 (2d Cir. 2015); *see also Gregory v. ProNAi* *Therapeutics Inc.*, 297 F. Supp. 3d 372, 409 (S.D.N.Y. 2018) (Engelmayer, J.).[7]

## II.    PLAINTIFFS FAIL TO ALLEGE SCIENTER.

The Opposition's recitation of the scattershot scienter allegations in the SAC does not come close to establishing a strong inference of scienter, as already explained. *See* Mot. at 20-25.

### A.    Plaintiffs' Allegations Do Not Establish Motive.

The Opposition ignores that motive cannot be established without an allegation—absent from the SAC—that the Individual Defendants personally benefitted from the purported fraud.

---

[7]    Plaintiffs also do not respond to, and thus concede, the argument that the CWs' alleged rank-and-file positions, as well as the absence of allegations that either CW interacted with the Individual Defendants, demonstrates the inability of either CW to credibly allege awareness of the purported fraudulent activity. *See* Mot. at 20.

*See* Mot. at 21; *see also CMGE*, 2016 WL 922711, at \*7 (rejecting attempt to establish scienter based on motive that failed to "describe, as it must, how [d]efendants 'benefited in some concrete and personal way' from the alleged related-party transactions"). The Opposition further ignores that there is no allegation that either Individual Defendant sold Hebron stock during the class period, which cuts further against any inference of scienter. *See* Mot. at 21; *see also In re Bank of Am. AIG Disclosure Secs. Litig.*, 980 F. Supp. 2d 564, 585 (S.D.N.Y. 2013) (failure to allege scienter where "no allegation that the defendants . . . sold a single share of BoA stock during the Class Period"), *aff'd*, 566 F. App'x 93 (2d Cir. 2014); *In re eSpeed, Inc. Secs. Litig.*, 457 F. Supp. 2d 266, 289 (S.D.N.Y. 2006) ("that neither [individual defendant] sold stock during the putative class period undermines plaintiffs' motive allegations"). And the Opposition parrots the allegation in the SAC that Liang's past employment at two companies owned or controlled by Bodang Liu made Liang beholden to Bodang Liu at her current job, *see* Opp. at 23 (citing SAC ¶ 102), but cites no cases for this proposition and does not address the previously cited cases that discredit it. *See* Mot. at 21; *see also Dobina v. Weatherford Int'l Ltd.*, 909 F. Supp. 2d 228, 254 (S.D.N.Y. 2012) (a prior working relationship is insufficient to establish scienter).

Plaintiffs argue scienter is established here because Sun and his family guaranteed corporate debts, but the SAC "provides no supporting details to explain how [Sun's] potential exposure . . . was connected to misrepresentations that allegedly inflated [Hebron's] stock price during the Class Period." *Bd. of Trs. of City of Ft. Lauderdale Gen. Emps.' Ret. Sys. v. Mechel OAO*, 811 F. Supp. 2d 853, 868 (S.D.N.Y. 2011), *aff'd*, 475 F. App'x 353 (2d Cir. 2012); *accord Kalnit v. Eichler*, 264 F.3d 131, 140 (2d Cir. 2001) ("[T]he avoidance of personal liability motive is too speculative and conclusory to support scienter.").

7

**B.      The Allegations Do Not Establish Conscious Misbehavior and Recklessness.**

The Opposition argues that scienter is established by the fact that two of the three alleged related party transactions relate to Hebron's financial services segment, one of its two core business segments, but ignores that the "core operations" doctrine is likely no longer good law after enactment of the PSLRA.  *See* Mot. at 23 n.22; *see also Marcu v. Cheetah Mobile Inc.*, No. 18 Civ. 11184 (JMF), 2020 WL 4016645, at *8 (S.D.N.Y. July 16, 2020) ("At best, core-operations allegations are 'supplementary'—they are not 'independently sufficient means to plead scienter.'"); *Plumbers & Pipefitters Loc. Union No. 630 Pension-Annuity Tr. Fund v. Arbitron Inc.*, 741 F. Supp. 2d 474, 490 (S.D.N.Y. 2010) ("Those Courts of Appeals that have addressed [the core operations doctrine] have found that it is no longer viable in most situations.").

The Opposition states "the firing of the Company's highly regarded independent auditor, Friedman LLP" "set the stage for Defendants' fraud."  Opp. at 23 (citing SAC ¶ 106).  But the Opposition is silent when faced with case law explaining that such an allegation is insufficient to establish scienter.  *See* Mot. at 24; *see also In re HEXO Corp. Secs. Litig.*, No. 19 Civ. 10965 (NRB), 2021 WL 878589, at *21 (S.D.N.Y. Mar. 8, 2021) ("claim predicated on executive and auditor resignations cannot survive" absent "facts non-speculatively linking the resignations of corporate personnel to the company's alleged fraud"); *City of Brockton Ret. Sys*, 540 F. Supp. 2d at 474-75 (resignation of a company's outside auditor is insufficient to support a strong inference of scienter where, as happened here, auditor files a letter stating "there were no disagreements between the Company and" the auditor).

The Opposition also has nothing to say about the Independent Investigation conducted by White & Case and how such an investigation cuts against any inference of scienter.  *See* Mot. at 24-25; *see also Slayton v. Am. Express Co.*, 604 F.3d 758, 777 (2d Cir. 2010) ("Ordering an investigation . . . weakens rather than strengthens an inference of scienter."); *Long Miao v.*

8

*Fanhua, Inc.*, 442 F. Supp. 3d 774, 808 (S.D.N.Y. 2020) ("initiation of an independent investigation here, if anything" cuts against scienter).

Plaintiffs argue that the Individual Defendants' positions as CEO and CFO support scienter. Opp. at 23-24 (citing SAC ¶ 105). But "if Plaintiffs intend to rely on the Individual Defendants' positions as CEO and CFO to allege awareness . . . , such conclusory 'accusations' are 'founded on nothing more than a defendant's corporate position [and] are entitled to no weight.'" *Chapman v. Mueller Water Prods., Inc.*, 466 F. Supp. 3d 382, 401 (S.D.N.Y. 2020); *accord In re Rockwell Med., Inc. Secs. Litig.*, No. 16 Civ. 1691 (RJS), 2018 WL 1725553, at *14 (S.D.N.Y. Mar. 30, 2018) ("'[A]ccusations' founded on nothing more than a defendant's corporate position[,] are entitled to no weight.").

The cases cited by Plaintiffs on this issue do not hold to the contrary. *Asar*, Opp. at 24, (1) affirmed the district court's dismissal, (2) rejected the argument that defendants must have been aware of the alleged misstatements based on their positions at the company, and (3) held that even "taking [the complaint's allegations] holistically does not allow us to strongly infer scienter." *Alaska Elec. Pension Fund v. Asar*, 768 F. App'x 175, 189 (5th Cir. 2019). And *Cohen*, Opp. at 24, held that "[t]he size of the company does not give rise to a 'strong inference' that [CFO] acted with a guilty state of mind. The allegations taken as a whole do not imply that he knew about the fraud, had access to information about it, or failed to check information he had a duty to monitor." *Cohen v. Kitov Pharm. Holdings, Ltd.*, No. 17 Civ. 0917 (LGS), 2018 WL 1406619, at *8 (S.D.N.Y. Mar. 20, 2018). So too here. Lastly, the Opposition does not mention Sarbanes-Oxley certifications, abandoning the argument that such certifications are a substitute for adequate scienter allegations. *See, e.g.*, *In re Turquoise Hill Res. Ltd. Secs. Litig.*, No. 13 Civ. 8846 (LGS), 2014 WL 7176187, at *7 (S.D.N.Y. Dec. 16, 2014).

### III.    **PLAINTIFFS FAIL TO ALLEGE LOSS CAUSATION.**

Plaintiffs also have not alleged loss causation.  Plaintiffs ignore that the Grizzly report did not reveal "then-undisclosed fact[s] with regard to the specific misrepresentations alleged in the complaint."[8]  Plaintiffs argue that the Grizzly report constitutes a corrective disclosure because Hebron's "corporate filings in other countries, in Chinese, do not transform the information contained within them into matters of general public knowledge."  Opp. at 24.  But as explicitly stated in the report, Grizzly "conducted research and analysis *based on public information in a manner than any person could have done if they had been interested in doing so. You can publicly access any piece of evidence cited in this report.*"  Ex. 5, Grizzly Report at 2.

### IV.    **PLAINTIFFS FAIL TO STATE A CLAIM UNDER SECTION 20(A).**

Plaintiffs fail to allege a primary violation by Hebron, and thus the derivative Section 20(a) claims also fail.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007). Plaintiffs argue that the Court cannot dismiss the claims against the Individual Defendants because they have not yet appeared.  *See* Opp. at 25.  Not so.[9]

### **CONCLUSION**

For these reasons, the SAC should be dismissed with prejudice.[10]

---

[8]    *In re Omnicom Grp., Inc. Secs. Litig.*, 597 F. 3d 501, 511-12 (2d Cir. 2010) ("A negative journalistic characterization of previously disclosed facts does not constitute a corrective disclosure."); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Fed. Home Loan Mortg. Corp.*, 543 F. App'x 72, 75 (2d Cir. 2013) ("[T]hird-party articles and reports [that] expressed negative *opinions* about [the Company] based on information that was already publicly available" are not a corrective disclosure.).

[9]    *See Grant v. Cnty. of Erie*, 542 F. App'x 21, 24 (2d Cir. 2013) ("[A] district court may dismiss an action sua sponte for failure to state a claim so long as the plaintiff is given notice of the grounds for dismissal and an opportunity to be heard."); *Moore v. City of N.Y.*, No. 18 Civ. 496 (JPO), 2019 WL 2616195, at *1 n.1 (S.D.N.Y. June 26, 2019) (dismissing complaint in its entirety where "the individual Defendants ha[d] not yet appeared or responded to the Complaint"); *In re Jumei Int'l Holding Ltd. Secs. Litig.*, No. 14 Civ. 9826, 2017 WL 95176, at *1 n.1, *6 (S.D.N.Y. Jan. 10, 2017) (dismissing complaint in entirety where only some individual defendants had appeared).

[10]    Dismissal should be with prejudice because, as Plaintiffs concede, the Court's orders explained to them that no opportunities to amend would be granted after they filed the SAC. *See* Opp. at 25 n.17; Dkt. 26 at n.1; Dkt. 37 at 1.  And though Plaintiffs argue "leave to amend is often appropriate when granting a motion to dismiss for failure

Dated: March 19, 2021

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

/s/ *Matthew Solum*

Matthew Solum, P.C.
Matthew Tharp
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
matthew.solum@kirkland.com
matt.tharp@kirkland.com

*Counsel for Hebron Technology Co., Ltd.*

---

to state a claim," Opp. at 25 n.17, "Rule 15(a) is not a shield against dismissal to be invoked as either a makeweight or a fallback position in response to a dispositive motion.  Plaintiffs have filed two amended pleadings in this matter, and they have not made any attempt to demonstrate that they are entitled to file a third," *DeBlasio v. Merrill Lynch & Co.*, No. 07 Civ. 318 (RJS), 2009 WL 2242605, at *41 (S.D.N.Y. July 27, 2009); *accord In re Sanofi Secs. Litig.*, 87 F. Supp. 3d 510, 549 (S.D.N.Y. 2015) (dismissing securities fraud claims with prejudice where "[a]n amended complaint [was] unlikely to survive a motion to dismiss") (Engelmayer, J.), *aff'd*, 816 F.3d 199 (2d Cir. 2016).

11